IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AUSTIN ROBINSON, SR.,[1] | § | |
| | § | No. 133, 2022 |
| Respondent Below, | § | |
| Appellant, | § | Court Below—Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CN06-05548 |
| SLOANE REED, | § | Petition No. 22-04544 |
| | § | |
| Petitioner Below, | § | |
| Appellee. | § | |

Submitted: November 18, 2022
Decided:    December 19, 2022

Before **SEITZ**, Chief Justice; **VAUGHN** and **TRAYNOR**, Justices.

## ORDER

After consideration of the parties' briefs and the Family Court record, it appears to the Court that:

(1)    The appellant ("Father") filed this appeal from a Family Court order deciding a petition, filed by the appellee ("Mother"), in which Mother sought modification of Father's visitation with the parties' child. For the reasons discussed below, we affirm.

(2)    Father and Mother are the parents of a child born in 2006 (the "Child"). The parties have a long history of disputes about custody, visitation, and support of

---

[1] The Court previously assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).

the Child. Father and Mother have each had primary residential placement of the Child at various times in his life.

(3) In June 2020, the Family Court granted Mother's motion to relocate and her motion to modify Father's visitation.[2] Among other things, that decision permitted Mother to relocate to Florida with the Child and provided that Father would have visitation with the Child in Delaware for three weeks each year and would be entitled to have phone or video contact with the Child at least three times each week.[3] Mother and the Child relocated to Florida in August 2020.[4] In December 2020, the Family Court decided the parties' cross-petitions for modification of visitation. That decision largely maintained the existing visitation arrangement, except that it required Mother to set up contact between Father and the Child via telephone or Zoom at least once per week and permitted Father to call the Child at least once every other day.

(4) On March 8, 2022, Mother filed a petition for modification of visitation. Mother alleged that she had discovered text messages between Father and the Child indicating that they were planning that the Child would not return to Florida following the Child's impending visit with Father in Delaware during the Child's

---

[2] File No. CN06-05548, Petition No. 20-07711, Letter Decision and Order (Del. Fam. Ct. June 9, 2020).
[3] *Id.* at 11-12.
[4] File No. CN06-05548, Petition Nos. 20-07711, 20-17774, Letter Decision and Final Order, at 2 (Del. Fam. Ct. Dec. 14, 2020).

spring break. The court denied Mother's request for an emergency *ex parte* order but scheduled a hearing for March 17, 2022, when the Child was supposed to be in Delaware for the visit with Father. On March 14, 2022, after the Child did not travel to Delaware as planned, Father filed a motion to hold Mother in contempt.

(5) Both parties appeared for the hearing on March 17, 2022.[5] The parties and the court discussed the evidence regarding the purported plan for the Child to remain with Father in Delaware following the scheduled spring-break visit and Mother's failure to send the Child to Delaware for the visit. The Family Court also conducted an interview with the Child. The court also raised, *sua sponte*, whether it should relinquish jurisdiction of the matter to Florida.

(6) On March 21, 2022, the court entered an order declining to alter the visitation arrangement, except that Father would have an additional week of visitation during the Child's summer break to make up for the lost spring-break visit. The court also held, "[a]fter considering the factors in 13 *Del. C.* § 1926(b), . . . that Florida is a more convenient forum to hear future petitions regarding custody and visitation."[6] The court noted that the Child had resided in Florida "for years" and "evidence regarding his home, school and community is more accessible in Florida

---

[5] The transcript suggests, but does not make entirely clear, that Father appeared in person and Mother appeared by Zoom. It is clear, however, that both parties had notice of the hearing and participated in it.

[6] File No. CN06-05548, Letter Decision and Order, at 1 (Del. Fam. Ct. Mar. 21, 2022) [hereinafter March 2022 Order].

and records easier to obtain in Florida."[7]  The court emphasized that the Child "should have a guardian ad litem attorney appointed for him in future cases who would be able to meet with him" and "[t]hat would be much easier in Florida."[8]  The court further observed that modern technology would allow Father to appear for hearings in Florida.[9]  The court therefore relinquished jurisdiction over future petitions to modify custody and visitation.  Father has appealed to this Court.

(7)     This Court's standard and scope of review in an appeal from the Family Court extends to a review of the facts and law and of the inferences and deductions made by the trial judge.[10]  If the Family Court has correctly applied the law, our review is for abuse of discretion.[11]  This Court will not substitute its own opinion for the inferences and deductions made by the Family Court where those inferences are supported by the record and the product of an orderly and logical deductive process.[12]

(8)     Delaware Code Title 13, Section 1926, a provision of the Uniform Child Custody Jurisdiction and Enforcement Act, allows a court with jurisdiction over a child custody matter under the Act to "decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances

---

[7] *Id.* at 1-2.
[8] *Id.* at 1.
[9] *Id.* at 2.
[10] *Dixon v. Smith*, 2022 WL 2063224, at *2 (Del. June 7, 2022).
[11] *Id.*
[12] *Id.*

4

and that a court of another state is a more appropriate forum."[13] "Before determining whether it is an inconvenient forum," the court "shall consider whether it is appropriate for a court of another state to exercise jurisdiction" based upon the court's consideration of "all relevant factors," including eight factors enumerated in the statute.[14] The court may raise the issue of inconvenient forum *sua sponte*[15] but "shall allow the parties to submit information"[16] regarding whether it is appropriate for a court of another state to exercise jurisdiction.

(9) Here, the Family Court raised the issue whether the court should continue to exercise jurisdiction during the March 17, 2022 hearing and allowed both parties to respond. The transcript reflects that neither party clearly indicated an objection to the relinquishment of jurisdiction—indeed, Mother supported the transfer of jurisdiction, and Father focused his response on complaining about the Family Court's past rulings. In its order relinquishing jurisdiction, the Family Court did not recite all eight of the factors enumerated in 13 *Del. C.* § 1926(b). But the court recognized those factors and stated that it considered them; moreover, the facts that the court emphasized in explaining the reasons for its decision indicate that it

---

[13] 13 *Del. C.* § 1926(a).
[14] *Id.* § 1926(b).
[15] *See id.* § 1926(a) ("The issue of inconvenient forum may be raised upon motion of a party, the court's own motion, or request of another court.").
[16] *Id.* § 1926(b).

determined that the dispositive factors were those listed in subsections (2),[17] (6),[18] and (7).[19] Father does not identify any error in the Family Court's analysis under Section 1926. Instead, he seeks to relitigate the court's decision to permit the relocation to Florida in 2020. We find no reversible error in the Family Court's determination that Florida is the more appropriate forum for resolution of future custody and visitation petitions involving the Child.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court be, and the same hereby is, AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[17] *Compare id.* § 1926(b)(2) (providing that the court shall consider "[t]he length of time the child has resided outside this State"), *with* March 22 Order, *supra* note 6, at 1 ("At this time, [the Child] has been in Florida for years and Florida has been the child's home state for a while now.").

[18] *Compare* 13 *Del. C.* § 1926(b)(6) (providing that the court shall consider "[t]he nature and location of the evidence required to resolve the pending litigation, including testimony of the child"), *with* March 2022 Order, *supra* note 6, at 1-2 ("As such, most of the evidence regarding his best interest would be in Florida. . . . Also, evidence regarding his home, school and community is more accessible in Florida and records easier to obtain in Florida.").

[19] *Compare* 13 *Del. C.* § 1926(b)(7) (providing that the court shall consider "[t]he ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence"), *with* March 2022 Order, *supra* note 6, at 1 ("One major factor is that [the Child] should have a guardian ad litem attorney appointed for him in future cases who would be able to meet with him. That would be much easier in Florida."), *and id.* at 2 ("Given modern technology, hearings can be done remotely in either jurisdiction. Mother has been appearing by Zoom [i]n Delaware for a number of hearings at this time.").